%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIE PEZAK

**(b)** County of Residence of First Listed Plaintiff _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

## DEFENDANTS
MIRAMED REVENUE GROUP, LLC

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 892 Economic Stabilization Act |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation: _____

DATE
06/25/2013

SIGNATURE OF ATTORNEY OF RECORD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| MARIE PEZAK | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. |
| MIRAMED REVENUE GROUP, LLC | : |
| | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                       ( )

| | | |
|---|---|---|
| 06/25/2013 | Craig Thor Kimmel | Plaintiff, Marie Pezak |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1832 Bridgetown Pike, Feasterville, PA 19053

Address of Defendant: 991 Oak Creek Dr., Lombard, IL 60148

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 06/25/2013      _____      57100
                     Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/25/2013      _____      57100
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

MARIE PEZAK,            )
                        )
    Plaintiff       )
                        ) **Case No.:**
v.                      )
                        ) **COMPLAINT AND DEMAND FOR**
MIRAMED REVENUE GROUP,  ) **JURY TRIAL**
LLC,                    )
                        ) **(Unlawful Debt Collection Practices)**
    Defendant       )

## COMPLAINT

MARIE PEZAK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIRAMED REVENUE GROUP, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Feasterville, Pennsylvania 19053.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a debt collection company with its principal office located at 991 Oak Creek Drive, Lombard, Illinois 60148.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

11. Upon information and belief, the debt that Defendant was attempting to collect arose out of transactions that were primarily for personal, family, or household purposes.

12. Plaintiff does not owe the debt that Defendant was attempting to collect.

13. Beginning in May 2013, and continuing through June 2013, Defendant repeatedly and continuously called Plaintiff on her home telephone in an attempt to collect a consumer debt.

14. Defendant called Plaintiff at least once a day. For example, Defendant called Plaintiff once on June 3, 2013; once on June 4, 2013; and once on June 5, 2013.

15. Defendant attempted in those calls to collect a debt of an individual with the name of "Kelly M. Giordano."

16. Plaintiff's is not "Kelly M. Giordano" and an individual by that name does not reside with her.

17. On June 4, 2013, Plaintiff spoke with several of Defendant's collectors to inform them that she is not "Kelly M. Giordano," no one by that last name lives at the called number, and to stop calling her.

18. Defendant deceptively claimed it would remove her telephone number from its database; however, Defendant did not do so.

19.     Further, Defendant failed to investigate the information and/or update its records to avoid the further harassment of Plaintiff.

20.     Moreover, Defendant did not possess any information to contradict Plaintiff's statements.

21.     Rather, Defendant persisted in calling Plaintiff about a debt of a person named "Kelly M. Giordano."

22.     Specifically, Defendant called Plaintiff on June 5, 2013; June 7, 2013; and June 8, 2013.

23.     In addition to repeatedly calling, Defendant would leave messages on Plaintiff's home answering machine stating that, "This is an important message for Kelly M. Giordano. If you are Kelly M. Giordano, please press 1…this is MiraMed Revenue Group…please reference id code no. 11089684 and call (866) 910-3116" (*sic*).

24.     Plaintiff received approximately six (6) or seven (7) voicemail messages in addition to the daily calls.

25.     Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing, knowing Plaintiff was not the correct person it sought.

26.     By continuously calling over a debt she did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which as the natural consequences of harassing the recipient.

27. Upon information and belief, information was readily available to Defendant, and/or was available in the public domain, that the number it was calling belonged to Plaintiff and/or was associated with Plaintiff's home address.

28. Defendant knew, or should have known, that it was calling Plaintiff in error in its attempts to collect the debt of another person, but continued to do so, with the intent to disrupt Plaintiff's solitude solely for the purpose of annoying, abusing and harassing Plaintiff.

29. The repetitive calls to Plaintiff were harassing, aggravating and highly annoying.

30. Plaintiff has spent time and effort dealing with these calls and trying to stop the collection calls to her for another person.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

31. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

   a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such

person is erroneous or incomplete and that such person now has correct or complete location information.

b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, despite having been notified that it was calling the wrong person.

## COUNT II

32. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

   a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

   b. Here, Defendant violated §1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff at her home residence about another individual's debt, which was an inconvenient place for Plaintiff to receive collection calls for another individual.

## COUNT III

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692d.

   a. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Here, Defendant violated §1692d of the FDCPA by calling Plaintiff's repeatedly and continuously about another person's debt with the intent to annoy, abuse, and harass Plaintiff into paying the debt.

## COUNT IV

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

   a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   a. Here, Defendant violated §1692f of the FDCPA by failing to update its records to stop the collection calls to Plaintiff.

WHEREFORE, Plaintiff, MARIE PEZAK, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and Pennsylvania common law;

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARIE PEZAK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06-25-13

KIMMEL & SILVERMAN, P.C.

By:_____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com